UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALBERTUS CONNER, JR.                CIVIL ACTION NO. 17-cv-0521

VERSUS                              JUDGE HICKS

CITY OF SHREVEPORT, ET AL.          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Albertus Conner, Jr. ("Plaintiff"), who is self-represented, filed this civil action against the City of Shreveport and City officials. The complaint alleges that Plaintiff's residential property in Shreveport flooded due to poor drainage, and City officials refused to correct the problem or compensate Plaintiff for his damages. Plaintiff prays that criminal charges be filed against the officials and that the Superintendent of Streets and Drainage have her licensed "pulled." For the reasons that follow, it is recommended that the complaint be dismissed.

**Initial Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous, malicious, or fail to state a claim on which relief may be granted. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is

lacking, dismissal is appropriate for that reason and pursuant to § 1915. <u>Humphries v. Various Federal U.S. INS Employees</u>, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

Plaintiff's filing is titled "Petition for Court Actions" and asks the court to "file civil and criminal charges" based on his complaints to the City. He alleges that the Superintendent of Streets and Drainage lied to him on two occasions. Plaintiff specifically complains that the City did not open a blocked culvert or slow runoff from drainage. Documents attached to the complaint show that Plaintiff did complain to the City multiple times that drainage ditches were blocked and had caused his home to flood several times. One response from the City attributed the flooding to blockage caused by other citizens dumping garbage in the drainage area and unforeseeable water/flood damage caused by heavy rains.

Exhibits to the complaint indicate that Plaintiff submitted a claim to the City for lost or damaged items that he attributed to flooding. Plaintiff asked for compensation for his time cleaning up the area 23 times, $950 for two pair of boots (Anaconda and Python), $600 for eight shirts, $400 for a refrigerator, $350 for rusted tools, and $750 for six pair of soiled slacks. Plaintiff also claimed that he had to move from the property. Plaintiff alleged that the City's risk management official conspired with a public works official to deny the claim by fabricating technical jargon to further malicious criminal acts.

**Analysis**

Plaintiff's principal demand is that criminal charges be brought against City officials. The Supreme Court has recognized that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 93 S.Ct. 1146, 1149 (1973). The Fifth Circuit has also explained that it is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010). Accordingly, the request that "criminal charges be filed" is frivolous.

Plaintiff's complaint asserts generally that there was some form of conspiracy, but conclusory allegations of conspiracy, absent reference to material facts, do not state a claim under 42 U.S.C. § 1983. Leggett v. Williams, 277 Fed. Appx. 498, 501 (5th Cir. 2008); Dayse v. Schuldt, 894 F.2d 170 (5th Cir. 1990).

Plaintiff complains that he was mistreated, but he does not allege disparity in treatment due to a suspect classification that might give rise to an equal protection claim. A plaintiff can attempt to assert a "class of one" claim, but must show that he was intentionally treated differently than those similarly situated without a rational basis for the distinction. The Fifth Circuit has recognized a rational basis in this context because "drainage and street flooding issues are related to a legitimate governmental interest." Unique Properties, LLC v. Terrebonne Parish Consolidated Government, 150 Fed. Appx. 313 (5th Cir. 2005). Accordingly, there is no basis for an equal protection claim.

A generous reading of the complaint might discern an attempt to assert a takings claim under the Fifth Amendment's guarantee that the Government will not take private property for public use without just compensation. Such a claim is not ripe for presentation in federal court, however, until the property owner has resorted to state judicial remedies for just compensation and received a final decision. <u>Liberty Mutual Insurance Co. v. Brown</u>, 380 F.3d 793 (5th Cir. 2004). Plaintiff's complaint alleges only that he submitted a claim for property loss that was denied by a risk management official with the City. There is no indication that Plaintiff has resorted to the state judicial process to seek compensation or received a final decision from the state court system. Accordingly, any such claim is not ripe for filing in federal court. The complaint does not present any other non-frivolous claims that merit discussion.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous and fails to state a claim on which relief may be granted. The potential takings clause claim is not ripe, so that claim should be dismissed without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge